IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
CIVIL DIVISION

RICHARD M. DAUVAL, Trustee for
the estate of John W. Floyd and
Ashley Floyd,

        Plaintiff,

Case No.: 2015-CC-002701

v.

PHILLIPS & COHEN
ASSOCIATES, LTD., CORP.,
a foreign limited liability company,

        Defendant.

_____/

### VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, RICHARD M. DAUVAL (hereinafter, "Plaintiff"), Trustee for the Estate of JASON W. FLOYD and ASHLEY FLOYD (hereinafter, "Debtors"), by and through the undersigned counsel, and hereby sues Defendant, PHILLIPS & COHEN ASSOCIATES, LTD., CORP. (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA") and the Fair Debt Collection Practices Act, 15 United States Code, Section 1692a, *et seq*. (hereinafter, "FDCPA").

### JURISDICTION, VENUE & PARTIES

1.    This is an action for damages that exceeds $5,000.00 and is less than $15,000.00, exclusive of attorneys' fees and costs.

2.    Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77, as well as 15 United States Code, Section 1692k(d).

3.    At all material times herein, the conduct of Defendant, complained of below, occurred

1

in Polk County, Florida.

4.     At all material times herein, Debtors are individuals residing in Polk County, Florida.

5.     Plaintiff is the Trustee for the Estate of Debtors, bankruptcy case #: 8:13-bk-14015-CPM.

6.     Defendant is a foreign for-profit corporation, incorporated under the laws of the State of New Jersey, that, itself and through its subsidiaries, regularly collects consumer debts due, or allegedly due, to another from consumers in Polk County, Florida.

## GENERAL ALLEGATIONS

7.     At all material times herein, Defendant is a "creditor" as defined by Florida Statutes, Section 559.55(5).

8.     At all material times herein, Defendant is a "debt collector" as defined by 15 United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7).

9.     Defendant used interstate mail while engaging in a business, the principal purpose of which is the collection of debts allegedly due another.

10.     At all material times herein, Defendant attempts to collect a debt, including but not limited to, an alleged balance due for an Amazon.com Store Credit Card, financed by GE Capital Retail Bank, referenced by Amazon's account number ending in -3717 and also referenced by Defendant's account number ending in -9086 (hereinafter, "Debt").

11.     At all material times herein, the Debt is a consumer debt, an obligation resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

12.     At all material times herein, the Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.     At all material times herein, Defendant's conduct, with regard to the Debt complained

2

of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15 United States Code, Section 1692a(2).

14.     At all material times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

15.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

16.     On or before July 12, 2012, Debtors retained Kaufman, Englett and Lynd, PLLC (hereinafter, "Initial Counsel") with regard to their debts generally, including the Debt.

17.     On or about July 12, 2012, Initial Counsel sent a facsimile transmission to the Debt's original creditor, GECRB/Amazon (hereinafter, "Original Creditor") which provided Original Creditor with actual knowledge of Initial Counsel's representation of Debtors with regard to the Debt, provided Initial Counsel's contact information, and advised that all future communication with regard to the Debt must cease with Debtors and should be directed to Initial Counsel's office (hereinafter, "Fax of Representation"). Please see attached a true and correct copy of said Fax of Representation labeled as Exhibit "A1-A3."

18.     On or before May 14, 2013, the Original Creditor turned the Debt over to Defendant for collection from Debtors.

19.     When the Original Creditor turned the Debt over to Defendant, Original Creditor advised Defendant of Initial Counsel's representation of Debtors with regard to the Debt and provided Initial Counsel's contact information.

20.     On or about May 14, 2013, despite having actual knowledge of Initial Counsel's representation of Debtors with regard to the Debt and possessing Initial Counsel's contact information,

3

Defendant sent Debtors a collection letter directly in an attempt to collect the Debt (hereinafter, "Collection Letter"). Please see attached a true and correct copy of said Collection Letter labeled as Exhibit "B."

21.   On October 20, 2013, Debtors, through Initial Counsel, filed a Chapter 7 Voluntary Bankruptcy Petition in the Middle District of Florida, Tampa Division, case number 8:13-bk-14015-CPM.

22.   On or about December 6, 2013, the Debtors attended a United States Bankruptcy Court Meeting of Creditors. At this meeting, the Debtors testified under oath before the Plaintiff as to above debt collection attempts after Defendant had actual notice of Initial Counsel's representation of Debtors with regard to the Debt.

23.   On or about October 17, 2014, Plaintiff retained Leavengood, Dauval, Boyle, & Meyer, P.A. (hereinafter, "Undersigned Counsel") for representation with regard to Defendant's unlawful Debt collection activities.

24.   On October 20, 2014, Plaintiff filed with the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to employ Undersigned Counsel as special counsel to pursue the above allegations on behalf of the Debtors' bankruptcy estate.

25.   On or about November 2, 2011, United States Bankruptcy Judge Catherine Peek McEwen signed, and the Clerk of Court entered, an Order Appointing Special Counsel. Please see attached a true and correct copy of the Order labeled as Exhibit "C1-C2."

26.   Plaintiff has retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

27.   Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory

4

damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

28.    United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages and an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

29.    As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE § 559.72(18)**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

30.    Defendant is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally communicating directly with Debtors after being given actual notice that Debtors were represented by counsel with regard to the underlying Debt.

31.    Specifically, Defendant received notice of Initial Counsel's representation of Debtors and possessed Initial Counsel's contact information from the Original Creditor, when the Debt was turned over to Defendant for collection.

32.    Despite having received the above-reference notice and possessing Initial Counsel's contact information, Defendant sent *at least* one (1) collection letter directly to Debtors in an attempt to collect the Debt.

33.    As a direct and proximate result of Defendant's actions, Debtors have sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT TWO:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiff re-alleges paragraphs one (1) through twenty-nine (29) as if fully restated herein and further states as follows:

34.     Defendant is subject to, and has violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating directly with Debtors despite Defendant having knowledge that Debtors were represented by Initial Counsel and knowledge of Initial Counsel's contact information.

35.     Specifically, Defendant received notice of Initial Counsel's representation of Debtors and possessed Initial Counsel's contact information from the Original Creditor, when the Debt was turned over to Defendant for collection.

36.     Despite having received the above-reference notice and possessing Initial Counsel's contact information, Defendant sent *at least* one (1) collection letter directly to Debtors in an attempt to collect the Debt.

37.     As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 United States Code, Section 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiff respectfully requests against Defendant entry of:

a.     Judgment against Defendant for maximum statutory damages under the FCCPA, for violations committed by Defendant;

b.     Judgment against Defendant for maximum statutory damages under the FDCPA for violations committed by Defendant;

c.     An award of attorneys' fees and costs; and

d.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence~paper , electronic documents, or data~pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
□ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
□ **Sara J. Weiss, Esq., FBN 0115637**
□ **Greg H. Lercher, Esq., FBN 0106991**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
sweiss@leavenlaw.com
glercher@leavenlaw.com
*Attorneys for Plaintiff*

7

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA         )
                            )
COUNTY OF _____ )

Plaintiff, RICHARD M. DAUVAL, as Trustee for the Estate of John W. Floyd and Ashley Floyd, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

JUDY RALPH
MY COMMISSION #FF204745
EXPIRES: MAR 01, 2019
Bonded through 1st State Insurance

_____
RICHARD M. DAUVAL

Subscribed and sworn to before me
this 26th day of May , 2015.

My Commission Expires:
March 1, 2019

_____
Notary Public

Proof of I.D.: Personally known

10